**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE JAMES MADISON PROJECT | * | |
| 1250 Connecticut Avenue, NW | * | |
| Suite 200 | * | |
| Washington, D.C.  20036 | * | |
| | * | |
| and | * | |
| | * | |
| KEN VOGEL | * | |
| c/o Politico | * | |
| 1000 Wilson Boulevard | * | |
| 8th Floor | * | |
| Arlington, VA 22209 | * | |
| | * | |
| and | * | Civil Action No. 17-388 |
| | * | |
| JOSH GERSTEIN | * | |
| c/o Politico | * | |
| 1000 Wilson Boulevard | * | |
| 8th Floor | * | |
| Arlington, VA 22209 | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| DEPARTMENT OF HOMELAND | * | |
| SECURITY | * | |
| STOP-0655 | * | |
| 245 Murray Lane, SW | * | |
| Washington, D.C. 20528-0655 | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq.,

as amended, for the disclosure of agency records improperly withheld from plaintiffs

The James Madison Project, Ken Vogel and Josh Gerstein by the defendant Department of

Homeland Security (as well as its subordinate entities).

## JURISDICTION

1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.  Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.  Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security. It maintains a website at www.JamesMadisonProject.org.

4.  Plaintiff Ken Vogel ("Vogel") is the chief investigative reporter for Politico, and is a representative of the news media.

5.  Plaintiff Josh Gerstein ("Gerstein") is the senior reporter for Politico, covering legal affairs and transparency, and is a representative of the news media.

6.  Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DHS controls – and consequently serves as the proper party defendant for litigation purposes for – the Transportation Security Administration ("TSA"), Customs and Border Protection ("CBP"), Immigration and Customs Enforcement ("ICE"), and U.S. Citizenship and Immigration Services ("USCIS").

## FACTUAL BACKGROUND

7.   This lawsuit is brought under the Freedom of Information Act ("FOIA") for the purpose of shedding light on how DHS (and its subordinate entities) coordinated with private and commercial airlines in implementing new entry, admission and deportation standards established by way of the so-called "Muslim ban".

8.   For context, President Trump issued an Executive Order on January 27, 2017, entitled "Protecting the Nation from Foreign Terrorist Entry into the United States". *https://www. nytimes.com/2017/01/27/us/politics/refugee-muslim-executive-order-trump.html?mtrref=www. nytimes.com&gwh=B456165D1D10E39DE6FBC6134CD77963&gwt=pay* (last accessed January 30, 2017). The Executive Order suspended the U.S. Government refugee program, indefinitely barred Syrian refugees, and temporarily barred entry into the United States foreign nationals from seven countries. *https://www.nytimes.com/2017/01/29/us/trump-refugee-ban-muslim-executive-order.html?_r=0* (last accessed January 30, 2017).

9.   In the aftermath of the issuance of the Executive Order, chaos erupted at U.S. airports on January 28, 2017, as hundreds of individuals were detained and prevented from entering the United States despite holding valid entry paperwork. By the evening of January 29, 2017, at least four different U.S. district court judges had issued emergency injunctions preventing the U.S. Government from deporting individuals who had been detained pursuant to the Executive Order. *http://edition.cnn.com/2017/01/28/politics/donald-trump-executive-order-immigration-reaction/index.html* (last accessed January 30, 2017).

10. Countless lawyers raced to the various U.S. airports to prove pro bono legal services to those who were impacted by the new entry restrictions. *https://www. yahoo.com/news/trump-travel-ban-galvanizes-young-lawyers-action-023327562.html* (last accessed January 30, 2017).

Despite the issuance of the emergency stays by the different federal judges, reports emerged of

CBP officials refusing to comply with the court orders. *http://www.thedailybeast.com/articles*

*/2017/01/29/trump-s-border-patrol-defies-judge-u-s-senator-at-dulles-airport-at-his-first-*

*constitutional-crisis-unfolds.html* (last accessed January 31, 2017); *http://www.huffingtonpost.*

*com/entry/dulles-airport-feds-violated-court-order_us_588d7274e4b08a14f7e67bcf*

(last accessed January 31, 2017). On February 4, 2017, the Department of Homeland Security

stated that it would stop enforcing the Executive Order. *http://www.cnn.com/2017/02/03/politics*

*/federal-judge-temporarily-halts-trump-travel-ban-nationwide-ag-says/* (last accessed

March 2, 2017).

## COUNT ONE (TSA)

11.   The plaintiffs JMP, Vogel and Gerstein (referred to jointly as "the Requesters"), repeat

and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

12. By letter dated January 31, 2017, the Requesters submitted to TSA a FOIA request.

13. The FOIA request sought copies of the following:

1) Guidance provided by TSA to private and commercial airlines operating at U.S.
   airports with respect to admission, denial of admission, and/or deportation of
   individuals subject to President Trump's Executive Order, signed on
   January 27, 2017;

2) Communications (that are not encompassed by category #1) between TSA and private
   and/or commercial airlines operating at U.S. airports with respect to implementation
   of President Trump's Executive Order, signed January 27, 2017; and

3) Communications (that are not encompassed by categories #1 or #2) between TSA and
   private and/or commercial airlines operating at U.S. airports with respect to the
   judicial rulings imposing emergency stays and/or restraining orders enjoining
   President Trump's Executive Order, signed January 27, 2017.

14. The Requesters advised TSA that it could limit the timeframe of its searches from January 20, 2017, up until the date the agency began conducting actual searches for responsive records. The Requesters noted that the scope of the searches should not be limited to TSA-originated records.

15.  In the FOIA request, the Requesters pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or who otherwise were not acting in a supervisory position. The Requesters similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

16. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, the Requesters explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, the Requesters stated that they were also seeking a waiver of fees or, at a minimum, a reduction in fees, as well as expedited processing of the FOIA request.

17. By letter dated February 7, 2017, TSA acknowledged receipt of the FOIA request and assigned it request number 2017-HQFO-00327. In its letter, TSA stated that it was granting a fee waiver and expedited processing.

18. To date, no substantive response has been received by the Requesters from TSA. The Requesters have constructively exhausted all required administrative remedies.

19. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by TSA of said right.

**COUNT TWO (CPB)**

20. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

21. By letter dated January 31, 2017, the Requesters submitted to CBP a FOIA request.

22. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 16, as the scope of the FOIA request submitted to CBP, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the TSA request.

23. To date, no substantive response has been received by the Requesters from CBP. The Requesters have constructively exhausted all required administrative remedies.

24. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by CBP of said right.

**COUNT THREE (ICE)**

25. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

26. By letter dated January 31, 2017, the Requesters submitted to ICE a FOIA request.

27. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 16, as the scope of the FOIA request submitted to ICE, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the TSA request.

28. By letter dated February 6, 2017, ICE acknowledged receipt of the FOIA request and assigned it request number 2017-ICFO-14610.

29. To date, no substantive response has been received by the Requesters from ICE. The Requesters have constructively exhausted all required administrative remedies.

30. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by ICE of said right.

## COUNT FOUR (USCIS)

31. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

32. By letter dated January 31, 2017, the Requesters submitted to USCIS a FOIA request.

33. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 16, as the scope of the FOIA request submitted to USCIS, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the TSA request.

34. By letter dated February 2, 2017, USCIS acknowledged receipt of the FOIA request and assigned it request number 2017-HQFO-00283. In its letter, USCIS stated that it was granting a fee waiver and expedited processing.

35. To date, no substantive response has been received by the Requesters from USCIS. The Requesters have constructively exhausted all required administrative remedies.

36. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by USCIS of said right.

## COUNT FIVE (DHS)

37. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

38. By letter dated January 31, 2017, the Requesters submitted to DHS a FOIA request.

39. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 16, as the scope of the FOIA request submitted to DHS, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the TSA request.

40. By letter dated February 6, 2017, DHS acknowledged receipt of the FOIA request and assigned it request number 2017-HQFO-00303. In its letter, DHS stated that it was granting a fee waiver and expedited processing.

41. To date, no substantive response has been received by the Requesters from DHS. The Requesters have constructively exhausted all required administrative remedies.

42. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by DHS of said right.

WHEREFORE, plaintiffs The James Madison Project, Ken Vogel and Josh Gerstein pray that this Court:

(1) Orders the defendant federal agency to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   March 3, 2017

Respectfully submitted,

/s/

_____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs